{¶ 54} I write separately to note my concern with the language used by the majority in disposing of appellant's proportionality arguments under his third and fourth assignments of error. Specifically, I am concerned with the use of the phrase "as a *Page 14 
matter of law," in affirming that his sentence is proportional, pursuant to R.C. 2929.11 (B), in the discussion of the third assignment.
 {¶ 55} As the majority correctly states, a trial court achieves a proportional sentence through correct application of the sentencing guidelines. Swiderski at ¶ 58; cf. Spellman at ¶ 12. As Foster does not implicate R.C. 2929.11 and 2929.12, I think we review as a matter of law, whether those statutes were applied at all by the trial court. Then, we conduct a de novo review of the record to see if the statutory factors were applied, under a clear and convincing evidentiary standard. Thus, for instance, since R.C. 2929.12(A) confides discretion in the trial court to determine the most effective manner of complying with R.C. 2929.11, through application of the R.C. 2929.12 factors, when an appellant challenges the trial court's application of these factors, we review the record, de novo, to determine whether an abuse of discretion occurred. This has been our standard of review, under R.C. 2953.08(G)(2) for many years. Nothing in Foster changes it. I am somewhat concerned that the majority's choice of language obscures the continuing duty of appellate courts to review the factual record in sentencing appeals.
 {¶ 56} That being said, I concur. *Page 1